DORIS E. CUEVAS MARRERO, por sí y en representación de sus hijos menores de edad, etc., demandantes y recurridos, *v.* MUNICIPIO DE SAN JUAN, demandado y peticionario; ROYAL INSURANCE COMPANY OF PUERTO RICO, INC., tercero demandado.

*Número:* CE-90-376      *Resuelto:* 1ro de junio de 1990

*Norma Acosta de Santiago* y *Manuel E. Andreu García,* abogados de los recurrridos.

## RESOLUCIÓN

Expida el Secretario Mandamiento de *certiorari* dirigido al Tribunal Superior, Sala de San Juan, Hon. Amneris Martínez de Cuevas, para que a la brevedad posible remita a la Secretaría de este Tribunal los autos originales o una copia certificada de los mismos en el Caso Núm. KDP-87-3138 (804), *Doris E. Cuevas Marrero v. Municipio de San Juan,* a que se refiere la petición presentada en este caso, a fin de revisar los procedimientos habidos en el tribunal de instancia, en particular la Resolución de 24 de abril de 1990, y acordar lo que proceda en derecho.

Lo acordó el Tribunal y certifica el señor Secretario General. El Juez Asociado Señor Rebollo López emitió voto concurrente.

*(Fdo.)* Francisco R. Agrait Lladó

*Secretario General*

—O—

Voto concurrente emitido por el Juez Asociado Señor Rebollo López.

En relación con una demanda de daños y perjuicios que la parte demandante recurrida radicara en su contra ante el Tribunal Superior de Puerto Rico, Sala de San Juan, relativa la misma a la muerte de uno de los conductores de los tranvías (*trolleys*) que operan en la Ciudad de San Juan, Puerto Rico, el Municipio de la Ciudad Capital de Puerto Rico radicó una moción de sentencia sumaria. Sostuvo, en síntesis, que en virtud de las disposiciones de la Ley Núm. 45 de 18 de abril de 1935, conocida como la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 1 *et seq.*, y de cierta jurisprudencia de este Tribunal interpretativa de la misma, el referido municipio gozaba de la *inmunidad patronal* "conocida por la figura del patrono estatutario. . .". Dicha solicitud de sentencia sumaria fue declarada sin lugar por el tribunal de instancia mediante resolución a esos efectos de fecha 24 de abril de 1990. Inconforme, el Municipio de la Ciudad Capital acudió ante este Tribunal e imputó error al así actuar al foro de instancia. En el caso de autos, una mayoría de los integrantes del Tribunal ha considerado necesario expedir el recurso de *certiorari* radicado por el Municipio.

I

Al *disentir* de la reciente decisión que este Tribunal emitiera el 21 de marzo de 1990 en el caso de *Santiago Hodge v. Parke Davis Co.*, 126 D.P.R. 1 (1990), expresamos, en lo pertinente, que lo hacíamos por razón de que dicha decisión resultaba "'ser una fútil e inoperante por cuanto la misma *no acierta en articular unas guías claras de derecho que le permitan a los tribunales, ni a los funcionarios administrativos concernidos, resolver los casos que sobre esta materia lleguen ante su consideración'*". (Énfasis suplido.)

La acción del Tribunal al expedir el recurso radicado con el propósito de revisar la resolución recurrida *constituye la mejor*

*prueba* de la corrección de lo expresado por nosotros en el citado caso de *Santiago Hodge v. Parke Davis Co.* La decisión emitida en el mencionado caso no fue de ninguna ayuda para el foro de instancia. Cuando se enfrentó a la situación de hechos del presente caso, así como tampoco, en nuestra opinión, ayudará a resolver casos que en el futuro presenten controversias similares.

La razón para lo expresado anteriormente resulta ser *obvia: llana y sencillamente nadie sabe qué fue lo que* resolvió este Tribunal en el citado caso de *Santiago Hodge v. Parke Davis Co.* De hecho, el Municipio de la Ciudad Capital, en el bien razonado recurso de *certiorari* que radicara ante este Tribunal, le dedica al mencionado caso de *Santiago Hodge v. Parke Davis Co.* exactamente tres líneas.(1)

Ello debe servir de lección a los integrantes de este Tribunal. En primer lugar, no se deben publicar ponencias como opiniones cuando éstas no aportan nada a nuestra jurisprudencia anterior. Por otro lado, y aún más importante, las decisiones nuestras deben ser pragmáticas e ilustrativas. No debe haber lugar en nuestra jurisprudencia para la publicación de ponencias que lo que contienen son generalidades y que tienen el formato y contenido de un trabajo *(paper)* de seminario a nivel de Escuela de Derecho.

Esperamos que en esta ocasión el Tribunal sea capaz de articular una ponencia mayoritaria que establezca unas " 'guías claras de derecho que le permitan a los tribunales, y a los funcionarios administrativos concernidos, resolver los casos que sobre esta materia lleguen ante su consideración' ". *Santiago Hodge v. Parke Davis Co.,* supra, pág. 17.

Es por ello que concurrimos con la decisión de que se expida el recurso de *certiorari* radicado.

---

(1) Luego de discutir extensamente toda la jurisprudencia anterior al caso de *Santiago Hodge v. Parke Davis Co.*, 126 D.P.R. 1 (1990), en las págs. 11 y 20 del recurso radicado expresa:

"Finalmente, es de rigor dejar consignado que conforme hemos sostenido el caso de *Santiago Hodge v. Parke Davis*, 99 J.T.S. 42, no alteró esta situación de derecho."